FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   NOV 24 2008   ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WING KWONG HO,

              Plaintiff,

        -against-

TARGET CONSTRUCTION OF NY, CORP., and
XUE WEN ZHU,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**CV -08-4750**

**COMPLAINT**

**MATSUMOTO, J.**

**REYES, M.J**

Plaintiff Wing Kwong Ho, by his attorneys MFY Legal Services, Inc., alleges as follows:

### NATURE OF THE ACTION

1.     Plaintiff brings this action against Target Construction of NY, Corp. and Xue Wen Zhu (collectively, "Defendants") to recover damages for Defendants' violation of state and federal minimum wage and overtime laws, breach of contract, unjust enrichment, and battery, as well as to recover payment on Defendants' dishonored checks. From approximately January through November 2007, Defendants employed Mr. Ho as a construction worker and assistant project manager. From approximately April through November 2007, Defendants did not pay Mr. Ho any wages for the work he performed. In addition, as a condition of his employment, Defendants required Mr. Ho to purchase meals for other employees and construction materials, and promised they would reimburse him. However, despite Mr. Ho's requests for payment, Defendants never reimbursed Mr. Ho for those purchases, and instead

Defendant Zhu responded to Mr. Ho's requests by firing him, threatening to have his friends come after Mr. Ho, and on one occasion hitting him with a metal pipe.

2.     Accordingly, Plaintiff, by his attorneys, seeks to recover compensatory damages, liquidated damages, attorney's fees, costs and interest for Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and New York Labor Law, Article 6, § 190 et seq., and Article 19 § 650 et seq.  Plaintiff also seeks damages under New York common law.

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

2.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3.     Plaintiff Wing Kwong Ho is an adult currently residing in Kings County, New York.  He consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).  His consent is attached hereto and incorporated by reference.

4.     Upon information and belief, Defendant Target Construction of NY, Corp. ("Target Construction") is a New York corporation, with its principal place of business at 2142 70th Street, Brooklyn, New York 11204.

5.   Upon information and belief, Defendant Target Construction is an enterprise engaged in interstate commerce with an annual gross volume of sales of not less than $500,000.

6.   Upon information and belief, Defendant Xue Wen Zhu, an adult individual residing in Kings County, New York, is an owner of and/or partner in Target Construction.

7.   Upon information and belief, Defendant Xue Wen Zhu has power over personnel decisions at Defendant Target Construction including, but not limited to, the power to hire and fire employees, establish employees' work schedules, establish and pay employees' wages, and maintain employment records.

8.   At all times relevant to this action, Defendant Xue Wen Zhu and Defendant Target Construction were Plaintiff's employers within the meaning of the FLSA and New York Labor Law.

## STATEMENT OF FACTS

### Unpaid Wages and Illegal Kickbacks

9.   Wing Kwong Ho was employed by Defendants as a construction worker and assistant project manager from approximately January 2007 until approximately November 2007.

10.   During the time he was employed by Defendants, Mr. Ho worked primarily on three construction sites, one each in Brooklyn, Queens and Manhattan.

11.   At all times relevant to this action, Mr. Ho's primary duty as Defendants' employee was to perform general construction work on residential buildings.

12. In addition, Mr. Ho was often responsible for transporting his co-workers to and from construction sites, acting as an interpreter between general contractors and Chinese-speaking Target Construction employees, and interacting with inspectors who visited the construction site when Mr. Zhu was not present.

13. As a condition of Mr. Ho's employment, Mr. Zhu also frequently required Mr. Ho to pay for lunch for the other employees and to purchase construction materials for the job site with Mr. Ho's own money. Mr. Zhu promised that Target Construction would reimburse Mr. Ho for all the lunches and supplies he purchased. Defendants never reimbursed Mr. Ho for these expenses, however, which amounted to over $16,000.

14. Mr. Ho regularly worked at least ten hours a day, five days a week.

15. Defendants paid Mr. Ho by the day. Mr. Ho earned the same amount each day regardless of how many hours he worked, as long as he worked at least a six-hour day. If he worked fewer than six hours in a day, Defendants paid Mr. Ho half of the day rate.

16. From approximately January 29 to February 16, 2007, Mr. Ho earned $80 per full day. From approximately February 19 to March 15, 2007, Mr. Ho earned $90 per day. From approximately March 16 to April 6, 2007, Mr. Ho earned $95 per day.

17. On approximately April 9, 2007, Defendants told Mr. Ho that he would earn $105 per day from that day forward.

18. After April 9, 2007, however, Defendants ceased paying Mr. Ho on a regular basis.

19. From approximately April 9, 2007 to approximately November 20, 2007, Mr. Ho received no payment from Defendants for the approximately 165 full days of work he performed.

20. During the period from April to November 2007, Defendants gave Mr. Ho three checks intended as payment of wages and reimbursement for materials costs. Each was dishonored for insufficient funds.

21. Mr. Ho informed Defendants each time he received notice that a check he received from Defendants had been dishonored for insufficient funds, and requested payment again.

22. Each time Mr. Ho asked Defendants to reissue a dishonored check, Defendants refused.

23. Defendants fired Mr. Ho on approximately November 20, 2007.

24. After Defendants fired Mr. Ho, Defendants gave Mr. Ho several payments in cash and by check. One of these checks was dishonored for insufficient funds.

25. The payments Mr. Ho actually received from Defendants for the approximately 165 days of work he performed from April to November 2007 totaled $3,500, or approximately $21.00 per day for a ten-hour day of work.

26. Although Mr. Ho has often requested payment for the remainder of his overdue wages, Defendants refuse to make any further payments to Mr. Ho.

27. At all times relevant to this action, the FLSA and New York Labor Law required Defendants to pay Mr. Ho a minimum wage.

28. Defendants have willfully failed to pay Mr. Ho the minimum wage for his services and labor performed between April and November 2007, in violation of federal and state minimum wage laws.

29. At all times relevant to this action, the FLSA and New York Labor Law required Defendants to pay Mr. Ho overtime wages, at a rate of one-and-one half times his regular rate of pay, for the hours Mr. Ho worked in excess of forty hours each week.

30.   At all times relevant to this action, Defendants did not pay Mr. Ho overtime compensation, and thereby willfully failed to pay Mr. Ho for his services and labor at a rate that is not less than one-and-one half times his regular rate of pay.

31.   At all times relevant to this action, New York Labor Law required Defendants to pay Mr. Ho his wages on a regular basis.

32.   From approximately April 2007 to November 2007, Defendants willfully failed to pay Mr. Ho his wages on a regular basis.

33.   At all times relevant to this action, New York Labor Law required Defendants to pay Mr. Ho an extra hour of pay at the basic minimum wage rate for each day Mr. Ho worked more than ten hours per day.

34.   At all times relevant to this action, Defendants did not pay Mr. Ho an extra hour of pay at the basic minimum wage rate for each day Mr. Ho worked more than ten hours per day.

**Retaliation and Battery**

35.   After Mr. Ho asked Defendants for payment of his overdue wages several times, Defendants fired him from his job.

36.   In response to Mr. Ho's complaints that he had not been paid his wages, Defendant Xue Wen Zhu told Mr. Ho that he would make sure Mr. Ho never worked in construction again, because he knew important people within the Chinese construction industry community.

37.   On several occasions when Mr. Ho asked Mr. Zhu for payment of his overdue wages, Mr. Zhu threatened Mr. Ho with violence.  Mr. Zhu told Mr. Ho that he would never receive the money he was owed. Mr. Zhu further said that he would contact his friends on the police force as well as his friends who were "gangsters" if Mr. Ho made any further attempt to collect monies due him.

38.   In October 2008, Mr. Ho went to Mr. Zhu's house to again ask for payment of his overdue wages.  Mr. Zhu threatened Mr. Ho with a metal pipe and hit him near the eye with the pipe, causing him to bleed and to suffer pain.

39.   As a result of Mr. Zhu's refusal to pay wages owed to Mr. Ho and his threats and violence, Mr. Ho has suffered mental anguish including but not limited to anxiety, inability to sleep, and depression.

**Dishonored Checks**

40.   Four checks Defendants issued to Mr. Ho were dishonored for insufficient funds.

41.   A check made to the order of Ho Wing Kwong dated April 1, 2007, in the amount of $2,000, drawn from the Chase Bank account of Target Construction of NY, Corp, was dishonored for insufficient funds. The check was signed by Defendant Xue Wen Zhu, who noted as drawer that the payment was for "materials/tools/lunch."

42.   A check made to the order of Ho Wing Kwong dated September 21, 2007, in the amount of $2,000, drawn from the HSBC account of Target Construction of NY, Corp., was dishonored for insufficient funds.  The check was signed by Defendant Xue Wen Zhu, who noted as drawer that the payment was for "salary."

43.   A check made to the order of Ho Wing Kwong dated November 7, 2007, in the amount of $5,000, drawn from the HSBC account of Target Construction of NY, Corp., was dishonored for insufficient funds.  The check was signed by Defendant Xue Wen Zhu, who noted as drawer that the payment was for "salary."

44.   A check made to the order of Ho Wing Kwong dated March 29, 2008, in the amount of $3,000, drawn from the Citibank account of Xue Wen Zhu, was dishonored for

insufficient funds.  The check was signed by Defendant Xue Wen Zhu, who noted as drawer that the payment was for "salary."

45.   Mr. Ho deposited each check in his bank for payment.

46.   After he deposited each check, Mr. Ho received notice from his bank that the check had been dishonored for insufficient funds.

47.   Mr. Ho then informed Defendants that their checks had been dishonored, and requested payment again.

48.   Defendants refused to pay Mr. Ho the amount of the dishonored checks.

FIRST CAUSE OF ACTION
(Federal Minimum Wage Violations)

49.   Plaintiff realleges and incorporates by reference all preceding paragraphs.

50.   At all times relevant to this action, Defendants were employers within the meaning of 29 U.S.C. § 203.

51.   At all times relevant to this action, Mr. Ho was employed by Defendants within the meaning of 29 U.S.C. § 203.

52.   Defendants willfully failed to compensate Mr. Ho the minimum wage for the hours he worked, in violation of the FLSA, 29 U.S.C. § 206(a).

53.   Defendants' violations of the FLSA, as described herein, were willful and intentional.  Defendants have failed to make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

54.   Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable

8

attorney's fees, and the costs of the action, pursuant to 29 U.S.C. § 216(b), all in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Federal Overtime Violations)

55.   Plaintiff realleges and incorporates by reference all preceding paragraphs.

56.   At all times relevant to this action, Defendants were employers within the meaning of 29 U.S.C. § 203.

57.   At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of 29 U.S.C. § 203.

58.   Defendants willfully failed to pay Plaintiff overtime compensation for each hour he worked in excess of forty hours in a workweek in violation of the FLSA, 29 U.S.C. § 207.

59.   Defendants' violations of the FLSA, as described herein, were willful and intentional.  Defendants have failed to make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

60.   As a result of Defendants' federal law violations, Plaintiff is entitled to recover from Defendants amounts to be proven at trial for his unpaid overtime wages, an additional amount as liquidated damages, reasonable attorney's fees, and the costs of the action, pursuant to 29 U.S.C. § 216(b).

## THIRD CAUSE OF ACTION
### (New York State Minimum Wage Violations)

61.   Plaintiff realleges and incorporates by reference all preceding paragraphs.

62.   At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

63.   At all times relevant to this action, Defendants were employers within the meaning of New York Labor Law.

64.   Defendants willfully failed to record, credit or compensate Plaintiff the applicable minimum hourly rate, in violation of the New York Minimum Wage Act, New York Labor Law § 652.

65.   As a result of Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants amounts to be proven at trial for his unpaid minimum wages, an additional amount as liquidated damages, reasonable attorney's fees, and the costs of the action, pursuant to New York Labor Law § 663(1).

FOURTH CAUSE OF ACTION
(New York State Overtime Violations)

66.   Plaintiff realleges and incorporates by reference all preceding paragraphs.

67.   At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

68.   At all times relevant to this action, Defendants were employers within the meaning of New York Labor Law.

69.   Defendants willfully failed to pay Plaintiff overtime compensation at a rate of one and one-half times his regular rate of pay for each hour worked in excess of forty hours in a workweek as required under New York Labor Law § 160, 12 NYCRR § 142-2.2.

70.   As a result of Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants amounts to be proven at trial for his unpaid overtime wages, an

additional amount as liquidated damages, reasonable attorney's fees, and the costs of the action, pursuant to New York Labor Law § 663(1).

## FIFTH CAUSE OF ACTION
(New York State Frequency of Payments Violations)

71.  Plaintiff realleges and incorporates by reference all preceding paragraphs.

72.  Defendants failed to pay Plaintiff his wages on either a weekly or semi-monthly basis, in violation of New York Labor Law § 191.

73.  Defendants failed to pay Plaintiff wages owed to him after he ceased working for Defendants by the next regular pay day, in violation of New York Labor Law § 191.

74.  As a result of Defendants' New York Labor Law violations, Plaintiff is entitled to recover the full amount of wages owed to him, an additional amount as liquidated damages, reasonable attorney's fees, and the costs of the action, pursuant to New York Labor Law § 663(1).

## SIXTH CAUSE OF ACTION
(New York State Spread-of-Hours Pay)

75.  Plaintiff realleges and incorporates by reference all preceding paragraphs.

76.  Plaintiff routinely worked more than ten hours per day.

77.  Defendants willfully failed to pay Plaintiff an extra hour of pay at the basic minimum wage rate for each day Plaintiff worked more than ten hours per day ("spread-of-hours pay"), in violation of New York Labor Law § 650 et seq.; 12 NYCRR § 137.1.7.

78.  As a result of Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants amounts to be proven at trial for his unpaid spread-of-hours pay, an

additional amount as liquidated damages, reasonable attorney's fees, and costs of the action, pursuant to New York Labor Law § 663(1).

## SEVENTH CAUSE OF ACTION
(New York State Illegal Kickbacks)

79.  Plaintiff realleges and incorporates by reference all preceding paragraphs.

80.  At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

81.  At all times relevant to this action, Defendants were persons within the meaning of New York Labor Law § 198-b.

82.  Defendants demanded that Plaintiff kick back a portion of his wages each month by requiring him to purchase construction materials and lunches for other employees, in violation of New York Labor Law § 198-b.

83.  As a result of Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants the total amount of money Defendants required him to pay for construction materials and employee lunches, an additional amount as liquidated damages, reasonable attorney's fees, and costs of the action, pursuant to New York Labor Law § 663(1).

## EIGHTH CAUSE OF ACTION
(New York State Retaliation)

84.  Plaintiff realleges and incorporates by reference all preceding paragraphs.

85.  Defendants retaliated against Plaintiff after he complained to them about their violations of the New York State Labor Law, by firing him and threatening to prevent him from obtaining future employment in the construction industry, in violation of New York Labor Law § 215.

86.   As a result of Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants lost compensation, an additional amount as damages, and reasonable attorney's fees, pursuant to New York Labor Law § 215(2).

## NINTH CAUSE OF ACTION
### (Payment on Dishonored Checks)

87.   Plaintiff realleges and incorporates by reference all preceding paragraphs.

88.   Defendants signed checks authorizing payment of specified amounts to Plaintiff, and gave the checks to Plaintiff.

89.   Plaintiff presented the checks to his bank for payment, but no payment was made because the checks were dishonored for insufficient funds.

90.   Plantiff notified Defendants that the checks had been dishonored.

91.   Plaintiff is entitled to recover the amount of each check, pursuant to New York Uniform Commercial Code § 3-507(2).

## TENTH CAUSE OF ACTION
### (Breach of Contract)

92.   Plaintiff realleges and incorporates by reference all preceding paragraphs.

93.   Defendants and Plaintiff agreed that Defendants would reimburse Plaintiff for costs he incurred in the course of his employment by Defendants, including paying for meals for other employees, gas used when transporting employees to and from job sites, and construction materials.

94.   Defendants breached that agreement because they never reimbursed Plaintiff for the costs he incurred during the course of his employment.

13

95.   Plaintiff is entitled to damages in the amount of all costs he incurred that Defendants refused to reimburse, pursuant to New York common law, in an amount to be determined at trial.

## ELEVENTH CAUSE OF ACTION
### (Unjust Enrichment)

96.   Plaintiff realleges and incorporates by reference all preceding paragraphs.

97.   Plaintiff purchased, in good faith, meals for other employees of Defendants, gas to drive employees to and from the job sites where they worked for Defendants, and materials used by Defendants in the construction of buildings.  Plaintiff understood that the costs incurred were to benefit Defendants and expected that Defendants would reimburse these costs.

98.   Defendants accepted the benefit of Plaintiff's purchases of meals, construction materials, and gas, and were thereby unjustly enriched.

99.   The circumstances of this unjust enrichment are such that equity and good conscience require Defendants to make restitution in the amount of the reasonable value of the purchases Plaintiff made on behalf of Defendants.

100.  Plaintiff is entitled to compensatory damages in an amount to be determined at trial, pursuant to New York common law.

## TWELFTH CAUSE OF ACTION
### (Battery)

101.  Plaintiff realleges and incorporates by reference all preceding paragraphs.

102.  Defendant Xue Wen Zhu intentionally waved a metal pipe near Plaintiff's head, and hit Plaintiff in the head with the pipe.

103.  Defendant Xue Wen Zhu's conduct in hitting Plaintiff with the pipe was intentional, deliberate, malicious, wanton and reckless.

104.  As a direct and proximate result of Defendant Xue Wen Zhu's actions, Plaintiff suffered physical injuries including but not limited to bleeding and scarring, physical pain, and mental anguish, including but not limited to fear, anxiety, and distress.

105.  Plaintiff is entitled to compensatory damages and punitive damages in an amount to be determined at trial, pursuant to New York common law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be granted:

i.      Awarding Plaintiff unpaid minimum wages and overtime compensation due under the FLSA and an additional equal amount as liquidated damages because of Defendants' willful failure to pay overtime compensation, pursuant to 29 U.S.C. § 216(b);

ii.     Awarding Plaintiffs unpaid minimum wages and an additional amount equal to twenty-five percent of the unpaid minimum wages as liquidated damages, pursuant to New York Labor Law § 663(1);

iii.    Awarding Plaintiff unpaid overtime and spread-of-hours compensation, pursuant to the New York Minimum Wage Act regulations, and an additional amount equal to twenty-five percent of the unpaid overtime and spread-of-hours pay as liquidated damages, pursuant to New York Labor Law § 663(1);

iv.     Awarding Plaintiff the full amount of wages that were not paid on a regular basis, pursuant to New York Labor Law § 191;

v.      Awarding Plaintiff the full amount of the illegal kickbacks;

15

vi.      Awarding Plaintiff lost compensation due to retaliatory firing;

vii.     Awarding Plaintiff the amount of each dishonored check;

viii.    Awarding Plaintiff damages for breach of contract or, in the alternative, unjust enrichment for the amount of materials and supplies he purchased for Defendants, in an amount to be determined at trial;

ix.      Awarding Plaintiff compensatory and punitive damages for battery, in an amount to be determined at trial;

x.       Awarding Plaintiff prejudgment and postjudgment interest;

xi.      Awarding Plaintiff the costs of this action together with reasonable attorney's fees, pursuant to 29 U.S.C. § 216(b) and New York Labor Law § 663(1); and

xii.     Awarding Plaintiffs such other and further relief as this Court deems necessary and proper.

Dated: New York, New York
       November 24, 2008

                              _____
                              Elise Brown, of counsel to
                              Christopher D. Lamb, Esq.
                              MFY LEGAL SERVICES, INC.
                              Attorneys for Respondent
                              299 Broadway, 4th Floor
                              New York, NY 10007
                              Tel: (212) 417-3791

I, Wing Kwong Ho, consent to be a party to this action pursuant to 29 U.S.C. § 216(b).

_____          _____
Wing Kwong Ho                                              Date