```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
WING KWONG HO,

                Plaintiff,                    NOT FOR PUBLICATION

     - against -                              **MEMORANDUM AND ORDER**

TARGET CONTRUCTION OF NY, CORP. and           08-CV-4750 (KAM) (RER)
XUE WEN ZHU,

                Defendants.
----------------------------------------X
```
MATSUMOTO, United States District Judge:

By letter dated May 27, 2010, plaintiff seeks leave to file a motion to strike the answer of *pro se* defendant Xue Wen Zhu ("Zhu" or "defendant") and enter a default judgment against him for his repeated failures to comply with numerous court orders to participate in the preparation of the joint pretrial order by, *inter alia*, designating evidence, including documents and witnesses, defendant intends to introduce at the non-jury trial scheduled to commence on August 2, 2010. (*See* Doc. No. 38, Letter Motion to Strike dated 5/27/10.) For the reasons set forth herein, the court declines to strike defendant's answer and enter a default judgment; however, defendant shall be precluded from offering any evidence at trial in support of his defense.

## BACKGROUND

On November 24, 2008, plaintiff, Wing Kwong Ho ("Ho" or "plaintiff") commenced this action against Target

Construction of NY, Corp. ("Target") and Zhu. (Doc. No. 1, Compl.) Target failed to appear and, on October 16, 2009, the Clerk of the Court noted Target's default.[1] (Doc. No. 20.) On February 5, 2010, plaintiff's counsel reported that although defendant Zhu had not produced documents responsive to "many of plaintiff's document requests," defendant had cooperated in the discovery process and "complied with plaintiff's discovery requests to the extent possible as a *pro se* litigant." (Doc. No. 26, Letter dated 2/5/10.) Plaintiff's counsel further reported that plaintiff was ready to prepare for trial. (*Id.*)

The court held a pretrial conference on February 23, 2010 at which counsel for plaintiff and Mr. Zhu appeared by telephone. (Minute Entry dated 2/23/10.) During the conference, the court ordered, among other things, that by March 19, 2010, the parties file a joint proposed pretrial order ("JPO") in accordance with the court's pretrial practices, posted on the court's website. A copy of the court's Minute Entry for the February 23, 2010 pretrial conference was served upon Mr. Zhu that same day. (See Doc. No. 27, Declaration of Service.)

On March 19, 2010, the submission deadline for the parties' JPO, plaintiff filed a letter indicating that Mr. Zhu

---

[1] Plaintiff's motion for default judgment against Target is currently pending. (Doc. No. 21.)

2

had failed to participate in drafting the JPO, as directed by the court on February 23, 2010. (Doc. No. 28, Letter dated 3/19/10.) Consequently, the court ordered Mr. Zhu to participate in drafting the JPO, and submit his portion to plaintiff's counsel by March 25, 2010, and for the parties to submit a final JPO by March 29, 2010. (Scheduling Order dated 03/19/10.) The Scheduling Order stated that "Defendant Zhu is warned that failure to participate in drafting the Joint Pretrial Order, and otherwise to defend against this action, may result in preclusion of evidence, monetary sanctions, the striking of defendant's answer and the entry of default judgment against him." (*Id.*) A copy of the March 19, 2010 Scheduling Order was served upon Mr. Zhu that same day. (Doc. No. 29, Declaration of Service.)

On March 29, 2010, plaintiff filed a letter indicating that Mr. Zhu had again failed to participate in drafting the JPO, as directed by the court. (Doc. No. 30, Letter dated 3/29/10.) Plaintiff's counsel's March 29, 2010 letter indicates that counsel had "not received or heard anything from the defendant." (*Id.*)

On April 1, 2010, the court again ordered defendant Zhu to participate in drafting the parties' proposed JPO, and to submit his portion to plaintiff's counsel by April 12, 2010. The court again warned defendant that "if he fails to

participate in the filing of the proposed Joint Pretrial Order, he shall be precluded from offering evidence at trial in support of his defense, including witnesses, documents, and any deposition testimony." (Scheduling Order dated 4/1/10.) A copy of the April 1, 2010 Scheduling Order was served upon Mr. Zhu on April 2, 2010. (Doc. No. 31, Declaration of Service.)

On April 19, 2010, plaintiff's counsel filed a letter indicating that counsel had "not received or heard anything from the defendant . . . regarding the Pre-Trial Order or otherwise, despite numerous attempts to contact him." (Doc. No. 32, Letter dated 4/19/10.) The letter further states that on April 7, 2010, plaintiff's counsel mailed to defendant an "explanatory letter and a copy of Plaintiff's portion of the Joint Pre-Trial Order." (*Id.*) This explanatory letter was translated by plaintiff's counsel into Mr. Zhu's native language. Additionally, plaintiff's counsel's office left voice messages in both English and Cantonese on Mr. Zhu's cellular telephone, as well as a message with defendant's father, asking that defendant contact plaintiff's counsel as soon as possible. (*Id.*) The court scheduled an in-person conference on May 13, 2010 in response to plaintiff's counsel's April 19, 2010 letter. (*See* Scheduling Order dated 4/19/10.)

The court held a conference on May 13, 2010 at which plaintiff's counsel appeared in person and defendant Zhu

appeared by telephone, despite the court's order that he appear in person. At that conference, defendant stated that he intends to defend against this action at trial.[2] Accordingly, the court ordered that "by May 20, 2010, defendant Zhu shall provide to plaintiff's attorney his proposed portion of the parties' joint pretrial order and identify any documents and the names of any witnesses upon which he intends to rely at trial." (Minute Entry dated 5/13/10.) A copy of the May 13, 2010 Minute Entry setting forth the court's orders was served upon Mr. Zhu on May 14, 2010. (Doc. No. 37, Declaration of Service.)

By letter dated May 27, 2010, plaintiff's counsel reports that Mr. Zhu again has failed to provide "a list of witnesses or documents he plans to use at trial, nor has he otherwise contacted or communicated with [plaintiff's counsel's] office." (Doc. No. 38, Letter dated 5/27/10.) Despite being served with this letter and the court's orders, defendant has not indicated his intention to comply with his pretrial obligations or explained his repeated failures to comply with the court's orders. Plaintiff thus seeks leave to file a motion to strike defendant's answer and hold defendant Zhu in default, or alternatively, to treat plaintiff's May 27, 2010 letter as a motion to strike. (*Id.* at 1.)

---

[2] Defendant appeared to speak and understand English with no difficulty.

5

**DISCUSSION**

"[A]ll litigants, including *pro ses*, have an obligation to comply with court orders . . . ." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (citation and internal quotation marks omitted) (alternation in original). Rule 16(f) of the Federal Rules of Civil Procedure provides in pertinent part that "if a party . . . fails to obey a scheduling or other pretrial order[,]" the "court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii) . . . ." Fed. R. Civ. P. 16(f)(1). Although Rule 16(f) — by its reference to Rule 37(b)(2) — permits the court to strike a party's pleadings, preclude it from offering evidence, and enter a default judgment against it, such remedies are "harsh" and should be utilized "'only in extreme situations, and then only when a court finds willfulness, bad faith, or any fault by the non-compliant litigant.'" *See S.E.C. v. Euro Sec. Fund*, No. 98-CV-7347, 2009 U.S. Dist. LEXIS 76590, at *9 (S.D.N.Y. Aug. 27, 2009) (quoting *Agiwal*, 555 F.3d at 302); *see also Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988) (observing that "[t]he harshest sanctions available [under Rule 37] are preclusion of evidence and dismissal of the action."). The record before the court presents an "extreme" situation and repeated willful failures by defendant to comply with court

orders, thus warranting an order of preclusion against defendant.

In considering whether dismissal, striking an answer, or preclusion is appropriate, the court should consider the following: (1) the duration of defendant's failure to comply with the court order; (2) whether defendant was on notice that failure to comply would result in his answer being stricken or being precluded in presenting his defense; (3) whether the plaintiff is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the defendant's interest in receiving a fair chance to be heard; and (5) whether the court has adequately considered a sanction less drastic than dismissal or preclusion. *Bricklayers & Allied Craftworkers Local 2, Albany, New York Pension Fund*, No. 08-CV-33, 2009 U.S. Dist. LEXIS 40543, at *13 (N.D.N.Y. May 13, 2009) (where plaintiffs did not seek to strike defendants' answer or to preclude them from presenting proof, the court granted motion to compel and attorney's fees) (citing *Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994); *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993)); *see also Agiwal*, 555 F.3d at 302-03. "Generally, no one factor is dispositive." *Bricklayers*, 2009 U.S. Dist. LEXIS 40543, at *14.

As to the first factor — the duration of non-compliance — defendant was first ordered on February 23, 2010 to participate in the preparation of the JPO and to designate documents and witnesses he intends to introduce at trial in his defense. (*See* Minute Entry dated 2/23/10.) Since then, defendant has been ordered on four separate occasions to comply and has failed to designate any evidence for the trial scheduled to commence on August 2, 2010. (*See* Scheduling Orders dated 3/19/10, 4/1/10 and 4/19/10; Minute Entry dated 5/13/10; *see also* Plaintiff's counsel's letters dated 3/19/10, 3/29/10, 4/19/10 and 5/27/10.)

As to the second factor — notice — the court's orders expressly warned that defendant's failure to comply with court orders and to designate evidence for trial could result in an order precluding him from offering evidence at trial, as well as the striking of his answer, the imposition of monetary sanctions and the entry of a default judgment against him. Thus, the second factor is amply satisfied.

As to the third factor — prejudice to plaintiff — the court concludes that plaintiff has been thwarted in his attempt to prepare for the fast-approaching trial date and to prosecute this case. There has been no progress in this case since the February 23, 2010 pretrial conference and plaintiff has been forced to expend resources to seek the court's intervention on

numerous occasions simply to compel defendant to comply with his obligations.

Regarding the fourth factor — the balancing of interests — defendant has been provided numerous opportunities to participate in preparing the JPO and to defend against this action, however, the court's interests in managing its docket and plaintiff's interest in prosecuting this case weigh decidedly in favor of precluding defendant from offering evidence at trial.  Indeed, defendant has offered no explanation for his willful disregard of numerous court orders, nor indicated that he has any evidence to present at trial.

Finally, the court has considered lesser sanctions and concludes that anything short of preclusion would be inappropriate under the circumstances.  Importantly, defendant has failed to designate any witnesses or exhibits, or otherwise to advise plaintiff how he plans to support his defense at trial.  By contrast, plaintiff is prepared to proceed to trial and has designated the evidence upon which he intends to rely. (*See* Doc. No. 34, Plaintiff's Proposed Pretrial Order.) Plaintiff will be unfairly prejudiced if defendant is permitted to shirk his obligations to disclose and designate his exhibits and witnesses for trial. *See Update Art*, 843 F.2d at 71 (observing that the disciplinary sanctions under Rule 37 are intended, *inter alia*, to ensure that "a party will not benefit

9

from its own failure to comply.") Thus, the court finds that monetary sanctions will not mitigate the defendant's prejudicial actions toward plaintiff, nor ensure compliance with defendant's obligations. Despite numerous unequivocal warnings that his failure to comply with court orders could result in preclusion, monetary sanctions, striking of his answer and the entry of default judgment against him, defendant has been undeterred in his flouting of court orders. *See id.* (Rule 37 sanctions are "intended to serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault.") Nor has any explanation by defendant for his noncompliance been forthcoming.

Analysis of the above factors weighs strongly in favor of an order precluding defendant from offering any evidence at trial in support of his defense. Although the court has seriously considered plaintiff's request to strike defendant's answer and to enter a default judgment against him, the court concludes that given defendant's failure to designate evidence for trial, preclusion of evidence is a more appropriate remedy. Accordingly, defendant Zhu is precluded from offering any evidence at trial in support of his defense.

## CONCLUSION

For the foregoing reasons, defendant Zhu is precluded from offering any evidence at trial in support of his defense.

The trial is set for August 2, 2010 at 9:00 a.m. and shall proceed as scheduled in Courtroom N4E of the United States Courthouse located at 225 Cadman Plaza East, Brooklyn, New York 11201. Plaintiff's counsel shall serve a copy of this Order upon *pro se* defendant Zhu by a verifiable method and file a declaration of service within three business days.

SO ORDERED.

Dated: Brooklyn, New York
June 3, 2010

/s/
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York